**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, | ) | |
| Plaintiff, | ) | Case No. ______________ |
| v. | ) | JURY TRIAL DEMANDED |
| SPEEDWAY MOTORSPORTS, INC., O. BRUTON SMITH, MARCUS G. SMITH, WILLIAM R. BROOKS, B. SCOTT SMITH, BERNARD C. BYRD, JR., MARK M. GAMBILL, JAMES P. HOLDEN, TOM E. SMITH, SONIC FINANCIAL CORPORATION, and SPEEDCO, INC., | ) | CLASS ACTION |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 24, 2019 (the "Proposed Transaction"), pursuant to which Speedway Motorsports, Inc. ("Speedway" or the "Company") will be acquired by Sonic Financial Corporation ("Parent") and Speedco, Inc. ("Merger Sub," and collectively with Parent, "Sonic"). Parent, O. Bruton Smith ("O. Smith"), his family, and related entities (collectively, the "Smith Group") beneficially own approximately 29 million shares of the Company, and control over 71% of the voting power of the Company.

2. On July 23, 2019, Speedway's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Sonic. Pursuant to the terms of the Merger Agreement, Merger Sub commenced

a tender offer (the "Tender Offer") to acquire all of Speedway's outstanding common stock for $19.75 per share in cash. The Tender Offer is scheduled to expire on September 16, 2019.

3. On August 16, 2019, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Speedway common stock.

9. Defendant Speedway is a Delaware corporation and maintains its principal executive offices at 5555 Concord Parkway South, Concord, North Carolina 28027. Speedway's common stock is traded on the New York Stock Exchange under the ticker symbol "TRK."

10. Defendant O. Smith is the founder, majority stockholder, and Executive Chairman of the Board of the Company. The Smith Group beneficially owns approximately 29 million shares of the Company, and controls over 71% of the voting power of the Company. O. Smith is the father of M. Smith and B. Smith (each defined below). O. Smith was the founder of Sonic Automotive, Inc. ("SAI"), and also serves as the Executive Chairman and a director of SAI.

11. Defendant Marcus G. Smith ("M. Smith") is Chief Executive Officer and a director of the Company. M. Smith is the son of O. Smith and the brother of B. Smith (defined below).

12. Defendant William R. Brooks ("Brooks") is Vice President, Treasurer, Chief Financial Officer, and a director of the Company. Brooks has served as a director of SAI since its formation in 1997. Brooks joined Parent in 1983 and is currently an officer of Parent.

13. Defendant B. Scott Smith ("B. Smith") is a director of the Company. B. Smith is the son of O. Smith and the brother of M. Smith. B. Smith is co-founder of SAI. He served as the Chief Executive Officer, President, and a director of SAI between July 2015 and September 2018. He served as President and Chief Strategic Officer of SAI since March 2007. Prior to that, B. Smith served as SAI's Vice Chairman and Chief Strategic Officer from October 2002 to March 2007 and President and Chief Operating Officer from April 1997 to October 2002. He also served as a director of SAI from January 1997 until September 2018.

14. Defendant Bernard C. Byrd, Jr. ("Byrd") is a director of the Company. Byrd served on the board of directors of SAI from 2013 through January 2016, and is presently employed as a division vice president with SAI.

15. Defendant Mark Gambill ("Gambill") is a director of the Company. Gambill is a member of the so-called special committee of the Board (the "Special Committee").

16. Defendant James P. Holden ("Holden") is a director of the Company. Holden is a member of the Special Committee.

17. Defendant Tom E. Smith ("T. Smith") is a director of the Company. T. Smith is a member of the Special Committee.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a North Carolina corporation and a party to the Merger Agreement. Parent is wholly owned by the Smith family.

20. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Speedway (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of July 19, 2019, there were approximately 40,853,902 shares of Speedway common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

28. Speedway is a leading marketer and promoter of motorsports entertainment in the United States.

29. The Company, through its subsidiaries, owns and operates the following premier facilities: Atlanta Motor Speedway, Bristol Motor Speedway, Charlotte Motor Speedway, Kentucky Speedway, Las Vegas Motor Speedway, New Hampshire Motor Speedway, Sonoma Raceway, and Texas Motor Speedway.

30. The Company provides souvenir merchandising services through its SMI Properties subsidiaries; manufactures and distributes smaller-scale, modified racing cars and parts

through its US Legend Cars International subsidiary; and produces and broadcasts syndicated motorsports programming to radio stations nationwide through its Performance Racing Network subsidiary.

31. The Smith Group, comprised of Parent, O. Smith, his family, and related entities, beneficially owns approximately 29 million shares of the Company, and controls over 71% of the voting power of the Company.

32. On July 23, 2019, Speedway's Board caused the Company to enter into the Merger Agreement with Sonic.

33. Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Speedway's outstanding common stock for $19.75 per share in cash.

34. According to the press release announcing the Proposed Transaction:

> Speedway Motorsports, Inc. (NYSE: TRK) (the "Company") and Sonic Financial Corporation ("Sonic Financial") announced today that they, along with a wholly owned acquisition subsidiary of Sonic Financial, have entered into a definitive merger agreement for Sonic Financial's subsidiary to acquire all of the outstanding shares of common stock of the Company for cash consideration of $19.75 per share. The per share price represents a premium of approximately 42% to the closing price of the Company's common stock on April 23, 2019, the day before Sonic Financial's nonbinding proposal was first announced. Sonic Financial, O. Bruton Smith, his family and related entities (collectively, the "Smith Group") beneficially own, directly or indirectly, approximately 29 million shares of the Company, and control over 71% of the voting power of the Company. The merger agreement was unanimously approved by the Company's board of directors upon the unanimous recommendation of a special committee (the "Special Committee") comprised solely of independent and disinterested members of the Company's board of directors.
>
> Under the terms of the merger agreement, Sonic Financial's subsidiary will promptly commence a tender offer to acquire all of the outstanding shares of the Company's common stock at a price of $19.75 per share in cash. The closing of the tender offer will be subject to several conditions, including the tender by more than 50% of the outstanding shares of common stock of the Company not held by the Smith Group and certain other related parties and other customary conditions.

> After completion of the tender offer, Sonic Financial will acquire all remaining shares of Company stock not held by Sonic Financial or its subsidiary at the same price of $19.75 per share through a statutory merger of Sonic Financial's subsidiary and the Company in which the Company will be the surviving corporation and will become a wholly owned subsidiary of Sonic Financial. Under Delaware law, stockholders are not required to approve this statutory merger. The closing of the tender offer and merger transaction is expected to take place in the third quarter of 2019.
>
> Morgan Stanley & Co. LLC is acting as financial advisor to the Special Committee and Simpson Thacher & Bartlett LLP is acting as legal counsel to the Special Committee. McGuireWoods LLP is acting as legal counsel to the Company. BofA Merrill Lynch is acting as financial adviser to Sonic Financial and Kirkland & Ellis LLP and Parker Poe Adams & Bernstein LLP are acting as legal counsel to Sonic Financial.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

35. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

36. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

37. First, the Solicitation Statement omits material information regarding the process leading up to the execution of the Merger Agreement.

38. The Solicitation Statement fails to disclose the nature of the Special Committee's discussions on May 16, 2019 regarding "whether [NASCAR Holdings, Inc. ("NASCAR")], if it were to complete its proposed acquisition of [International Speedway Corporation], could pursue an acquisition of the Company."

39. The Solicitation Statement fails to disclose the number of third parties contacted by the Special Committee's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"), in June 2019.

40. The Solicitation Statement fails to disclose whether Morgan Stanley (or any other Company representative) contacted NASCAR during the process leading up to the execution of the Merger Agreement regarding its potential interest in a transaction with the Company.

41. The Company's stockholders are entitled to an accurate description of the process leading up to the Proposed Transaction.

42. Second, the Solicitation Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications, including all such communications regarding Individual Defendants O. Smith's, M. Smith's, and Brooks' post-transaction positions as officers of the surviving company.

43. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

44. Third, while the Solicitation Statement provides the "Management LRP" projections for the Company, the Solicitation Statement fails to provide the full "Equity Research Case."

45. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

46. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

**COUNT I**

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

49. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

50. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

51. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

52. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

53. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

54. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be

materially incomplete and misleading.

55. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

56. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

57. Plaintiff and the Class have no adequate remedy at law.

**COUNT II**

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. Section 14(d)(4) of the 1934 Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

60. Rule 14d-9(d) states, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

61. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

62. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and

misleading.

63. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

64. Plaintiff and the Class have no adequate remedy at law.

**COUNT III**

**(Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Sonic)**

65. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

66. The Individual Defendants and Sonic acted as controlling persons of Speedway within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Speedway and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

67. Each of the Individual Defendants and Sonic was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

68. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

69. Sonic also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

70. By virtue of the foregoing, the Individual Defendants and Sonic violated Section 20(a) of the 1934 Act.

71. As set forth above, the Individual Defendants and Sonic had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

72. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

73. Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 28, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com